IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-02389-WDM-OES

DIMITRI R. HILL,

Plaintiff(s),

vs.

ITT FEDERAL SERVICES INTERNATIONAL CORPORATION, a Delaware corporation,

Defendant(s).

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL RULE 35 EXAMINATION

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  June 23, 2005

Defendant has filed a motion pursuant to Fed.R.Civ.P. 35 asking that I compel defendant to submit to an examination with Judy Kaye Lockwood, a vocational rehabilitation expert "who is a qualified licensed professional counselor, a certified rehabilitation counselor, a certified case manager and a certified disability management specialist.  Deft's Mtn at 3..  Defendant asserts that plaintiff has placed his mental condition in controversy by claiming emotional distress and mental suffering, and has placed his economic condition in controversy by "effectively stating that the termination of his employment with Defendant, rather than his inability to find subsequent re-employment, is the cause of his financial problems."  Id. at 2-3.

I agree with the arguments of counsel for plaintiff, and with the reasoning of

Magistrate Judge Patricia Coan in the cases that she decided with similar circumstances. I will deny defendant's motion.

First, plaintiff has not filed a claim for intentional infliction of mental distress. The mere filing by plaintiff of a request for compensation for his emotional suffering does not place his mental condition at issue. Truong v. Smith, 183 F.R.D. 273, 275 (D.Colo. 1998).

Second, plaintiff has stated with emphasis that he does not intend to offer any expert testimony to support his claim for damages for his emotional distress. I conclude that he will merely describe for the jury his feelings and anguish after he was terminated by defendant, and defendant may cross-examine him with regard to those feelings in light of any other factors that emerge from the depositions of plaintiff or others. However, I am assuming that plaintiff did not consult any treatment for his mental distress. If he did, that would alter my reasoning. In particular, plaintiff would be prohibited from testifying at any trial that his anguish was so great that he was caused to seek treatment from a mental health professional.

I also am not persuaded that plaintiff's response to Interrogatory No. 7 warrants a finding that defendant is entitled to evaluate his vocational circumstances, particularly an evaluation that involves an assessment of his mental condition. Defendant is in a position to obtain adequate information about plaintiff's employability from the records of his previous employments, and from the deposition of plaintiff himself.

## CONCLUSION

It is therefore ORDERED that defendant's Motion to Compel Rule 35 Examination [filed June 10, 2005] is DENIED.

Dated at Denver this day of June 23, 2005

BY THE COURT:

S/O. Edward Schlatter

_____

O. Edward Schlatter
U.S. Magistrate Judge