IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-2389-WDM-OES

DIMITRI R. HILL,

    Plaintiff,

v.

ITT FEDERAL SERVICES INTERNATIONAL CORPORATION,,

    Defendant.

**ORDER ON MOTION TO DISMISS AND/OR STRIKE CLAIMS**

Miller, J.

This matter is before me on defendant's motion to dismiss plaintiff's third and fourth claims for relief and to strike the claims for exemplary damages in plaintiff's fourth, fifth, and seventh claims for relief.  Plaintiff opposes the motion to dismiss and to strike portions of his fourth and fifth claims for relief, but he concedes that the exemplary damage claim in his seventh claim for relief may be stricken.  In reply, defendant withdraws its motion to strike the exemplary damage claim in the fifth claim for relief.  For the reasons that follow, I conclude the motion to dismiss should be granted.  This ruling renders moot the motion to strike a portion of the fourth claim for relief.

Defendant contends that the statutes which provide the basis for the third and fourth claims for relief, 42 U.S.C. § 1981 and C.R.S. §§ 18-9-121 and 13-21-106.5, do

not have extraterritorial effect and thus cannot reach the alleged wrongful conduct occurring in Kuwait. Defendant cites *Foley Bros., Inc. v. Filardo*, 366 U.S. 281, 285 (1949), and *Peerless Ins. Co. v. Clark*, 487 P.2d 574, 575 (Colo. App. 1971), for the proposition that, absent evidence to the contrary, a statute cannot be presumed to have extraterritorial effect.

In his response, plaintiff argues that I should not apply *Foley* because to do so would allow defendant to escape liability under 42 U.S.C. § 1981. He adopts this same reasoning with respect to his state law claim. *Foley* makes clear, however, that it is a matter of Congressional intent, not judicial policy-making, that governs whether a statute can reach conduct beyond the territorial jurisdiction of the United States. 366 U.S. at 285. Because neither Congress nor the state legislature has extended the statutes at issue to have extraterritorial effect, the motion to dismiss must be granted.

The dismissal of the fourth claim for relief renders moot the motion to strike the exemplary damage portion of the claim.

Accordingly, it is ordered that the motion to dismiss the third and fourth claims for relief, filed January 26, 2005, is granted.

DATED at Denver, Colorado, on September 30, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge